**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ROGER L. PEELE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-138-PRC |
| | ) | |
| CLIFF BURCH, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Determination as to Conflict of Interest and/or Recusal of Counsel [DE 20], filed by Plaintiff on April 27, 2010, and a Motion to Request a Ruling [DE 28], filed by Defendants on August 19, 2010.

The Court conducted a Status Conference on May 19, 2010, during which it instructed Defendants to file a response brief to the Motion for Determination by July 6, 2010, and Plaintiff to file a reply brief by August 6, 2010. Defendants filed their response brief[1] in opposition on July 6, 2010. On August 6, 2010, the Court issued an Order granting Plaintiff's request for an extension of the reply brief deadline through August 13, 2010. However, Plaintiff failed to file the reply brief and the time to do so has passed.

Given Plaintiff's failure to file a reply brief, Defendants unnecessarily filed a Motion to Request a Ruling on August 19, 2010, requesting that the Court rule on the Motion for Determination. The Court hereby **GRANTS** the Motion to Request a Ruling [DE 28].

---

[1] Northern District of Indiana Local Rule 7.1(d) provides that "[e]xcept by permission of the court, no brief shall exceed 25 pages in length". L.R. 7.1(d). Here, Defendants' response brief is 29 pages. However, because Plaintiff has not objected to the oversized brief, the Court will consider the entire response brief.

**ANALYSIS**

In the instant Motion for Determination as to Conflict of Interest and/or Recusal of Counsel, Plaintiff requests that the Court determine whether a conflict of interest exists in Attorney Kenneth Elwood's, or his firm's, continued representation of Defendants in this case and for an order of recusal. Plaintiff argues that Attorney Elwood may need to testify as a factual witness in this case regarding the facts concerning Defendants' defenses and Plaintiff's expected damages. In particular, Plaintiff contends that a post-it note contained in discovery documents produced in this case indicate that there may be other potential reasons for Plaintiff's reassignment by the Defendants and that Attorney Elwood is a witness[2], Plaintiff's alleged conversations with Attorney Elwood prior to and after the election at issue in this case make him a potential witness, and Attorney Elwood was allegedly a witness to and involved in Plaintiff trying to obtain his vacation pay for the last year that he was employed by the Department.

Northern District of Indiana Local Rule 83.5(f) provides that "[t]he Rules of Professional Conduct, as adopted by the Indiana Supreme Court . . . shall provide the standards of conduct for those participating in this court." N.D. Ind. L.R. 83.5(f). In particular, Rule of Professional Conduct 3.7(a) provides that:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be
> a necessary witness unless: (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> or (3) disqualification of the lawyer would work substantial hardship on the client.

Ind. Rule of Prof. Conduct 3.7(a). "The primary consideration under Rule 3.7 is whether the lawyer is a 'necessary witness.'" *Borom v. Town of Merrillville*, No. 2:07 CV 98, 2007 WL 1797639, at *2 (N.D. Ind. June 19, 2007). "A necessary witness is not the same thing as a 'best' witness." *Harter*

---

[2] In particular, the note provides "Division Capt. Request/Peele Disrupting Detective Bureau. Complaining on TX in Det. Bureau about Dave Reynolds (sic) endorsement with Joe Reynolds present. Peele's negativity about the operations of the Dept. Behavior (sic) with Joyce Russel and Ken Elwood". Pl.'s Ex. A at 000004.

*v. University of Indianapolis*, 5 F. Supp. 2d 657, 665 (S.D. Ind. 1998). "If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Id.* "In addition, of course, if the testimony is not relevant or is only marginally relevant, it certainly is not necessary." *Id.* In summary, courts find that Rule 3.7's necessity requirement is met when the attorney's testimony is "relevant, material, and unobtainable elsewhere." *Borom*, 2007 WL 1797639 at *2.

The party seeking to disqualify an attorney bears the burden of proving the relevancy and need for the attorney's testimony. *Id.* A motion to disqualify an attorney should be viewed with caution and is considered a drastic remedy "which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993). Further, courts must weigh the client's interest in continued representation against the risk of prejudice to the opposing party. *Borom*, 2007 WL 1797639 at *2.

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights, in particular his First Amendment right, by disciplining and moving him to a different position following his public support for an opposing candidate in a mayoral election. It is well established constitutional law that "hiring, firing, or transferring" government employees because of political motivation is a violation of the First Amendment, except when the employee is in a policymaking position or in a confidential relationship with a superior. *Hall v. Babb*, 389 F.3d 758, 762 (7th Cir. 2004). To establish a prima facie case of a First Amendment violation, the employee must prove that the employee's conduct was "constitutionally protected" and "that the protected conduct was a substantial or motivating factor in the employment decision." *Id.* Once the employee has established a prima facie case, the "burden shifts to the defendant to demonstrate a

legitimate, nonpolitical reason for the employment decision." *Id.*. Courts in the Seventh Circuit have protected the rights of public employees to either support, or refuse to support, a political candidate of their own choice. *See De Mauro v. Loren-Maltese*, No. 98 C 8318, 2000 WL 116079, *5 (N.D.Ill. Jan. 24, 2000)*; Biddle v. City of Fort Wayne,* 591 F. Supp. 72, 85 (N.D. Ind. 1984) (finding that plaintiff's endorsement of a candidate who opposed the incumbent mayor was protected activity under the First Amendment). In particular, Plaintiff alleges that the Defendants intentionally conspired to violate his constitutionally protected rights. *See* Pl.'s Compl. at ¶ 15. To state a conspiracy claim under § 1983, a plaintiff must show "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Hanania v. Loren-Maltese*, 319 F. Supp. 2d 814, 833 (N.D. Ill. 2004).

First, regarding Plaintiff's reliance on the post-it note, Plaintiff has failed to carry his burden of showing how Attorney Elwood's testimony regarding the note would be relevant to his claims. In particular, Attorney Elwood represents, via sworn affidavit and in the response brief, that he did not know that his name was on the post-it note and was unaware of the note until a pre-deposition meeting in March 2010. While the note indicates that whoever drafted the note may have discussed Plaintiff's behavior with Attorney Elwood, the drafter of the note would be able to testify about any such discussion. Therefore, Attorney Elwood is not a necessary witness as the information can be obtained from other means. *Borom*, 2007 WL 1797639 at *2.

Further, Plaintiff argues that Attorney Elwood was a witness to and involved in Plaintiff trying to obtain his vacation pay. At his June 10, 2010 deposition, Plaintiff testified that he requested vacation pay for the year 2008 because he had to testify for the State of Indiana in a

murder trial in 2008, after he was no longer employed by the Defendant City. Attorney Elwood provides, via sworn affidavit, that the discussion with Plaintiff occurred. Attorney Elwood informed Plaintiff that he would check with the Mayor regarding the request. The Mayor, Olga G. Velazquez, then denied the request because the personnel policy did not permit employees to gather vacation pay when they were not employed in that year and she did not want to set precedent. Attorney Elwood then contacted Plaintiff to inform him of her decision. Other than the fact that Attorney Elwood informed Plaintiff of the Mayor's decision, Plaintiff has failed to provide the Court with any information as to how Attorney Elwood's testimony would be relevant to his claims. The evidence supports that Mayor Velazquez was the decision maker in denying Plaintiff's request for vacation pay and she is a witness who could testify as to that matter. Therefore, Plaintiff has failed to show that Attorney Elwood is a necessary witness.

Next, Plaintiff alleges that conversations between he and Attorney Elwood before and after the election at issue make him a potential witness in this case. First, at his June 10, 2010 deposition, Plaintiff testified that he and Attorney Elwood had a conversation at a party during which Attorney Elwood asked Plaintiff what it would take to get people to support Olga Velazquez in the election. Plaintiff testified that he spoke to Bill Mesich about the conversation and it was brought up in the detective bureau. According to Plaintiff, the conversation showed that Attorney Elwood had a lot to gain, would do anything to get Ms. Velazquez elected, and that there was a conspiracy to get Plaintiff to retire. In support of his allegations of an alleged conspiracy, Plaintiff points to the fact that Attorney Elwood bought a home afterward and Plaintiff was denied vacation pay. Attorney Elwood, via sworn affidavit, admits that the conversation occurred. Accordingly, to prove that the conversation occurred and the content of the conversation, there is no need to have Attorney Elwood

6

testify as Plaintiff can rely on his own testimony and Attorney Elwood's affidavit. *See Harter*, 5 F. Supp. 2d at 666. Also, given that Plaintiff admitted speaking to Mr. Mesich and the detective bureau about the conversation, the record supports that Attorney Elwood is not a necessary witness.

Second, Plaintiff relies on a conversation that he had with Attorney Elwood and Steve Charnetzky before the election during which Attorney Elwood indicated that after the election, no matter who won, they should all remain friends and share a beer. Plaintiff has failed to explain how any testimony regarding this conversation would be relevant to his claims. Further, given that Mr. Charnetzky was present during the conversation, he can testify about it and Attorney Elwood is not a necessary witness.

Third, Plaintiff relies on a conversation that he allegedly had with Attorney Elwood at a restaurant during which Attorney Elwood allegedly acknowledged that two women were sent to Mr. Charnetzky's campaign headquarters to record him. At his June 10, 2010 deposition, Plaintiff testified that he had no evidence that Attorney Elwood had any involvement in sending the two women there other than that he mistakenly thought that Attorney Elwood was Olga Velazquez's campaign manager. Plaintiff also testified that he immediately spoke to the three detectives that were with him at the restaurant about the conversation. Although the issue of whether Defendants made recordings of Plaintiff's political activities may be relevant to his conspiracy claim, Plaintiff testified only as to alleged recordings made of Mr. Charnetzky. Plaintiff fails to explain how testimony regarding the existence of any recordings of Mr. Charnetzky is relevant to his claims in this case. Further, Plaintiff discussed the conversation with the three detectives with whom he was at the restaurant and there is no indication that the information regarding the conversation can only be obtained from Attorney Elwood. Therefore, Attorney Elwood is not a necessary witness.

Fourth, Plaintiff relies on a conversation that he had with Bill Mesich during which Mr. Mesich told him that Olga Velazquez came to his house to offer him the chief of police job if she was elected and this occurred after Attorney Elwood told him that it was not certain that she was going to keep Cliff Burch as chief. However, Plaintiff admitted that he was not alleging that Attorney Elwood was a witness to that conversation and Attorney Elwood was not present for the conversation that Mr. Mesich had with Plaintiff. Accordingly, any evidence regarding the conversation between Plaintiff and Mr. Mesich cannot be obtained from Attorney Elwood and he is not a necessary witness.

Finally, other than generally alleging that Plaintiff will be prejudiced, Plaintiff has failed to explain how he will be prejudiced. The Court declines to disqualify Attorney Elwood based on Plaintiff's unsupported assertion of prejudice. Therefore, having found that Attorney Elwood is not a necessary witness as the information sought is either irrelevant or can be obtained from other sources, the Court finds no conflict of interest and declines to disqualify him under Rule 3.7(a).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Plaintiff's Motion for Determination as to Conflict of Interest and/or Recusal of Counsel [DE 20].

SO ORDERED this 23rd day of August, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record

8