**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| ROGER L. PEELE,<br>    Plaintiff,<br><br>    v.<br><br>CLIFF BURCH, individually and as Portage Police Department Chief, THE PORTAGE POLICE DEPARTMENT, LARRY JOLLEY individually and as Portage Police Department Assistant Chief, and the CITY OF PORTAGE,<br>    Defendants.<br><br>CLIFF BURCH, individually and as Portage Police Department Chief, THE PORTAGE POLICE DEPARTMENT, LARRY JOLLEY individually and as Portage Police Department Assistant Chief, and the CITY OF PORTAGE,<br>    Counter-Claimants,<br><br>    v.<br><br>ROGER L. PEELE,<br>    Counter-Defendant. | CAUSE NO.: 2:09-CV-138-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Assess Fees Pursuant to 42 U.S.C. § 1988 [DE 86] filed by Defendants/Counter-Plaintiffs (hereinafter "Defendants") on June 6, 2012. Defendants request an award of attorney's fees and related expenses incurred for the successful defense of their claims filed by Plaintiff Roger L. Peele. For the reasons set forth below, the Motion is denied.

**PROCEDURAL BACKGROUND**

On May 11, 2009, Plaintiff filed a Complaint under 42 U.S.C. § 1983. In Count One of the Complaint, Plaintiff alleged violations of his Fourteenth Amendment rights of due process and equal protection as well as his First Amendment rights of free speech and political association because he

was transferred from his position as a Detective in the Detective Bureau of the Portage Police Department to the position of Station Duty Officer in retaliation for his political support of the City of Portage's democratic mayoral candidate. In Count One, he also alleged that, as a result of the reassignment, he was constructively discharged from his position. In Count Two of the Complaint, Plaintiff alleged a state law action of defamation against Defendants for publishing damaging statements about him in a local newspaper. About two weeks later, on May 27, 2009, Defendants responded to the Complaint by filing their Answer and Counterclaims. In their Counterclaims, Defendants asserted claims against Plaintiff for abuse of process and malicious prosecution.

As is relevant herein, after briefing on the parties' motions for summary judgment was completed, on February 28, 2012, the Court issued its Order and Opinion granting summary judgment in favor of Defendants, disposing of all of Plaintiff's claims against them. At that time, the Court also granted summary judgment in favor of Plaintiff on Defendants' abuse of process counterclaim, but denied Plaintiff's motion for summary judgment on Defendants' counterclaim for malicious prosecution. On June 6, 2012, the parties stipulated to the dismissal of Defendants' malicious prosecution counterclaim and, at that time, Defendants also filed the instant Motion. Then, on June 29, 2012, Plaintiff filed his response to the instant Motion and, on July 3, 2012, Defendants filed a Motion to Voluntarily Reduce the Attorney's Fees Requested Under 42 U.S.C. § 1988 [DE 95].

## BACKGROUND[1]

In May 2007, Plaintiff was an employee of Defendant City of Portage Police Department. He had been assigned to the Detective Bureau since 1992, with the exception of one year serving

---

[1] The background facts are taken from the Court's February 28, 2012 Opinion and Order.

as Chief of Police for the City of Portage. Defendant Clifford Burch was the Chief of Police of Portage in May 2007, and Defendant Larry Jolley was the Assistant Chief of Police.

That spring, Plaintiff politically supported Steve Charnetzky, the Street Superintendent for the City of Portage, in the democratic primary for the City of Portage mayoral election to replace outgoing mayor Doug Olson. Olga Velazquez, another democratic mayoral candidate, however, eventually won the nomination and mayoral election.

On May 4, 2007, Defendant Burch met with Mayor Olson and informed him that he intended to reassign Plaintiff within the police department. Also, on that same day, Defendant Burch informed Defendant Jolley of his decision to reassign Plaintiff. Defendant Burch had decided to reassign Plaintiff to the position of Station Duty Officer, a position created within the Portage Police Department in 2000, that had been filled by several prior police officers.

Four days later, on May 8, 2007, the City of Portage held its mayoral primary election. Velazquez won the democratic primary, defeating Charnetzky. Plaintiff, who was at Charnetzky headquarters with other supporters that evening, spoke with newspaper reporter Joyce Russell of the *Northwest Indiana Times*. The following day, on May 9, 2007, the *Northwest Indiana Times* published an article stating that Plaintiff believed the newspaper's coverage had been unfair and he was unhappy with Porter County Sheriff David Lain's endorsement of Velazquez. Plaintiff was quoted as stating, "He won't get any support here."

The next day, on May 10, 2007, Defendants Burch and Jolley, along with Terry Swickard, Detective Captain for the Portage Police Department, met with Plaintiff. At that time, Defendant Burch read from a prepared statement informing Plaintiff of his decision to reassign him to the position of Station Duty Officer, and gave him a copy of the statement. The statement was dated

3

May 10, 2007, although Defendant Burch testified that he prepared it on May 7, 2007, and left the date blank until the day he gave it to Plaintiff.

Shortly after he began working in the Station Duty Officer position, Plaintiff took a medical leave of absence and after returning to work he requested a light duty assignment. From the time of his request for a light duty assignment, Plaintiff was restricted from performing police officer duties that would require him to deal with the public.

On May 11, 2007, *Northwest Indiana Times* editor Robert Blaskiewicz contacted the Portage Police Department and spoke with Keith Hughes, an information officer. The next day, on May 12, 2007, an article was published in the *Northwest Indiana Times* stating that Plaintiff "[h]ad been disciplined for statements he made after a candidate's loss" to a reporter and that he had been reassigned to the position of Station Duty Officer. Hughes had not discussed the reasons for Plaintiff's reassignment with anyone before giving the statement to Blaskiewicz, but had assumed that the reassignment was the result of Plaintiff's comments to the reporter.

## ANALYSIS

On the basis of these facts, the Court granted summary judgment in favor of Defendant, disposing of Plaintiff's Fourteenth Amendment due process claims of demotion and constructive discharge, his First Amendment claim for retaliation, and his state law claim of defamation. In granting summary judgment, the Court found that Plaintiff offered no evidence to dispute the fact that Defendant Burch had already decided, on May 4, 2007, to transfer Plaintiff from his position as a Detective to his new Station Duty Officer position. In other words, Plaintiff failed to offer evidence to support his claim that he was reassigned because of his political support for Charnetzky in the mayoral election and his comments to a *Northwest Indiana Times's* reporter that he was, in

4

essence, displeased with Sheriff Lain's endorsement of Velazquez.

In its February 28, 2012 Opinion and Order, with respect to his Fourteenth Amendment claims, the Court found that Plaintiff failed to establish that his transfer to the Station Duty Officer position was a demotion because he retained the same salary and rank. While Plaintiff claimed that his gross pay was reduced because he lost overtime and benefits that were available to him as a Detective, he cited only to his own response to Defendants' request for admission and offered no evidence of his pay and benefits before or after his reassignment. Next, Plaintiff claimed that he was constructively discharged from his Station Duty Officer position in December 2007, but the Court found that he had not produced any evidence to suggest that he had been subjected to objectively unbearable working conditions, causing him to resign from his position. Accordingly, the Court held that there was not enough evidence to support Plaintiff's Fourteenth Amendment due process demotion and constructive discharge claims.

Next, regarding his First Amendment retaliation claim, while the Court found that Plaintiff engaged in constitutionally protected speech on May 8, 2007, after he told a *Northwest Indiana Times's* reporter that he was unhappy with Sheriff Lain's endorsement of Velazquez, he failed to establish that Defendant Burch's reassignment decision was related to his protected speech. Thus, Plaintiff did not offer any evidence to contradict the testimony of Defendants Burch and Olson that they discussed reassigning Plaintiff to the Station Duty Officer position on May 4, 2007, or that the May 10, 2007 date on Plaintiff's reassignment letter was the date the reassignment decision was actually made instead of the date the decision was communicated to him. Therefore, the Court decided that Plaintiff failed to present any direct or circumstantial evidence of a nexis between his political activities and his transfer to the Station Duty Officer position that would substantiate his

5

First Amendment claim.

Lastly, with regard to his state law claim for defamation, the Court granted summary judgment in favor of Defendants because Plaintiff provided no argument or support for this claim.[2]

In the instant Motion, Defendants seek an award of attorney's fees and related expenses pursuant to Section 1988. This section provides in relevant part: "In any action or proceeding . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Even though the "statute specifies the award of such fees is within the court's discretion, it is clear that prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 675 (7th Cir. 2005). The Supreme Court has explained that while a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances," a prevailing defendant is not entitled to an award of fees unless a court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 422 (1978). This standard has been consistently applied to those cases arising under Section 1983. *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980); *Roger Whitmore's Auto. Servs.*, 424 F.3d at 675. The Seventh Circuit has held that a suit is frivolous when "it has no reasonable basis, whether in fact or in law." *See id.* at 675.

Under Section 1988, a defendant is not required to show either subjective or objective bad faith on the part of the plaintiff in order to recover attorney's fees. *Munson v. Milwaukee Bd. Of Sch. Dirs.*, 969 F.2d 266, 269 (7th Cir. 1992). Rather, a defendant is required to show that a

---

[2] The Court also found that Defendants Burch and Jolley were entitled to summary judgment on Plaintiff's Section 1983 claims he brought against them in their individual capacity. The Court also granted summary judgment in favor of Defendant City of Portage on Plaintiff's Section 1983 municipal liability claim.

6

plaintiff's action is "meritless in the sense that it is groundless or without foundation." *Hughes*, 449 U.S. at 14. Accordingly, the Seventh Circuit has instructed that "when a civil rights suit is lacking in any legal or factual basis . . . an award of fees to the defendant is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." *Munson*, 969 F.3d at 269 (citation omitted).

Defendants move for an award of attorney's fees as the prevailing party in this Section 1983 action, arguing that all of the claims brought by Plaintiff in his Complaint were frivolous, groundless, unreasonable, without foundation, vexatious, and brought for the purpose of harassing or punishing them. In asserting their position, Defendants recite and rehash the same arguments they presented in their motion for summary judgment and recite a number of the Court's findings from its February 28, 2012 Opinion and Order. Defendants' principal contention is that they are entitled to an award of attorney's fees under Section 1988 because the Court found that Plaintiff offered no evidence to dispute that, on May 4, 2012, Defendant Burch had already made the decision to reassign him from his position as a Detective to the position of Station Duty Officer. Defendants contend that because the Court found that the decision to reassign Plaintiff was made four days before his comments about Sheriff Lain's endorsement of Velazquez were published in the *Northwest Indiana Times*, his Fourteenth Amendment and First Amendment claims lack evidentiary support and are, therefore, frivolous and meritless. Therefore, Defendants aver that because these facts formed the sole basis for Plaintiff's claims and he did not survive summary judgment, they are entitled to an award of attorney's fees as set forth in Section 1988.

As discussed, in its February 28, 2012 Opinion and Order, the Court held that Plaintiff failed to produce sufficient evidence, circumstantial or otherwise, to support his claims that Defendants

7

violated his Fourteenth Amendment and First Amendment rights when he was reassigned to his new position as Station Duty Officer. He also did not produce evidence to substantiate his state law claim for defamation because he essentially abandoned that claim in his summary judgment briefing. But the mere fact that Plaintiff did not survive summary judgment does not mean that the action is frivolous. The Supreme Court stated:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the onset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the onset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co.*, 434 U.S. at 421-22. Therefore, Plaintiff's failure to produce factual evidence necessary to survive Defendants' motion for summary judgment does not "alone render the action frivolous [which would] justify[] an award of fees." *Coates v. Bechtel*, 811 F.2d 1045, 1050 (7th Cir. 1987).

Although the Court found some of Plaintiff's testimony inadmissible and his conclusory belief that he was discriminated against insufficient to defeat Defendants' motion for summary judgment, this Court does not find that this evidence is so insufficient to establish that this case is frivolous or initiated by Plaintiff to harass or punish Defendants. The problem with Plaintiff's case was that he failed to present direct or circumstantial evidence establishing a nexis between his First Amendment protected political speech and his reassignment to the Station Duty Officer position.

8

Nevertheless, Plaintiff had, at a minimum, a personal belief that he was subjected to political discrimination and it was not unreasonable for him to claim that he was transferred to the Station Duty Officer position in retaliation for the political comments he made to the *Northwest Indiana Times* reporter because Defendant Burch informed him of the transfer decision, on May 10, 2007, the day after his comments were published in the newspaper. But while the evidence in this case was too weak for the Court to infer a retaliatory motive on the part of Defendants, and, as stated, Plaintiff failed to present sufficient evidence, this Court does not view his allegations as being frivolous. In *Roger Whitmore's Auto. Servs.*, the Seventh Circuit stated:

> As our extensive discussion of Roger's claim on the merits indicates, Roger's theory of the case was not so lacking in reasonableness that it should be deemed frivolous and thus eligible for fee-shifting under § 1988 . . . . True, it was ultimately revealed that Roger's evidence established that his case was weak at best-so weak, in fact, that no triable issues of fact could be discerned and the defendants were entitled to summary judgment in the entirety. But a weak case does not a frivolous case make, so we must conclude that the district court abused its discretion with regard to the award of fees in [the defendant sheriff's] favor.

424 F.3d at 675-76; *see also Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999) ("There is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success."). Therefore, the Court similarly concludes that while Plaintiff's case was weak, it was not frivolous.

Accordingly, because the Court does not believe that this is a case that can be characterized as frivolous, meritless, or initiated for an improper purpose, the Court will not award attorney's fees to Defendants pursuant to 42 U.S.C. § 1988.

Based on the foregoing, the Court **DENIES** Defendants' Motion to Assess Fees Pursuant to 42 U.S.C. § 1988 [DE 86] and **DENIES as moot** Defendants Motion to Voluntarily Reduce the Attorney's Fees Requested Under 42 U.S.C. § 1988 [DE 95].

9

SO ORDERED this 10th day of October, 2012.

                                                  s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record